# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **RODNEY HAYSLIP**, as Administrator of the Estate of **MARIA D. HAYSLIP**, | : <br> : <br> : |
| Plaintiff, | : <br> : Case No.: 2:17-cv-584 |
| v. | : <br> : **CHIEF JUDGE ALGENON L. MARBLEY** |
| **GENUINE PARTS COMPANY** d/b/a NAPA and/or RMDS, *et al.*, | : <br> : Chief Magistrate Judge Elizabeth P. Deavers <br> : <br> : |
| Defendants. | : |

## OPINION & ORDER

This matter is before the Court on Defendant Genuine Parts Company's ("GPC") Motion to Include Documents as Part of District Court Record ("Motion to Include") (Doc. 81). Defendant TransForce, Inc. ("TransForce") responded in opposition (Doc. 82), and GPC replied in support (Doc. 83). Accordingly, GPC's Motion to Include is fully briefed and ripe for disposition. For the following reasons, GPC's Motion is **DENIED**.

### I.  BACKGROUND

This action was originally filed as the result of a fatal automobile accident in which Plaintiff alleged both GPC and TransForce were liable in some capacity. Plaintiff eventually settled all of his claims against Defendants but not before GPC and TransForce each filed cross-claims against one another for indemnification, contribution, and/or subrogation. (*See* Doc. 7, GPC Cross-Claim; Doc. 38, TransForce Cross-Claim). GPC and TransForce briefed their claims against one another at the summary judgment stage of the proceedings and, on November 6, 2019, this Court rendered its Opinion and Order on the issue. (Doc. 74, Summ. J. Op. and Ord.). Ultimately, this Court

determined that TransForce was entitled to indemnification from GPC and "[s]hould TransForce choose to pursue indemnification, it should transfer and submit a claim to GPC in accordance with the Driver Services Agreement within 14 days of this order." (*Id.* at 25).

TransForce did not submit a claim for indemnification to GPC within 14 days of this Court's November 6, 2019 Opinion and Order. On December 6, 2019, GPC filed a timely appeal of this Court's November 6, 2019 Opinion and Order to the Sixth Circuit Court of Appeals. (*See.* Doc. 76). On December 30, 2019, GPC filed a Notice of Non-Submission of Claim for Costs (Doc. 78). Later that day, counsel for TransForce sent a demand for costs to GPC (*see* Doc. 81-1) and also filed a Notice of Submission of Claim for Costs (Doc. 80). TransForce's demand for costs totaled $196,392.86, of which $125,000 was attributable to TransForce's voluntary payment to Plaintiff to settle his claims and an additional $71,392.82 in attorneys' fees. (Doc. 81-1, Ex. A, Demand Letter at 1). The demand for attorneys' fees was not supported by a line-item description of the work performed or costs incurred by TransForce's counsel. On December 31, 2019, counsel for GPC sent a letter to TransForce's counsel stating their position that TransForce waived its right to indemnification by failing to make its demand within 14 days of the Court's November 6, 2019 Opinion and Order, and also, the demand was substantively deficient. (*See* Doc 81-1, Ex. B, GPC Resp. Letter at 1). GPC has raised both issues in its appeal to the Sixth Circuit.

GPC now moves this Court to include in the District Court record the December 2019 correspondence between counsel for the respective parties. (Doc. 81-1, Exs. A and B).

## II. ANALYSIS

GPC seeks to have this Court include the correspondence in the record on appeal because it argues it is important for the Sixth Circuit to have access to said documents in order to adequately address all of the issues raised in its appeal. (Doc. 81, Mot. to Incl. at 3). TransForce generally

counters that the correspondence took place nearly two months after this Court's November 6, 2019 Opinion and Order and was not considered by this Court at any stage of the proceedings. As such, TransForce argues that including these documents in the record on appeal would introduce "new evidence" irrelevant to GPC's appeal and would "bypass the fact-finding process of this Court to obtain a ruling on an issue this Court has not decided." (Doc. 82, Resp. at 2).

Under Federal Rule of Appellate Procedure 10(a), the "following items constitute the record on appeal: (1) the original papers and exhibits filed in the district court; (2) the transcripts of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk." Under limited circumstances, the Federal Rule of Appellate Procedure 10(e) permits correction or modification of the record on appeal:

> (1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.
>
> (2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
>
>> (A) on stipulation of the parties;
>> (B) by the district court before or after the record has been forwarded; or
>> (C) by the court of appeals.
>
> (3) All other questions as to the form and content of the record must be presented to the court of appeals.

While Rule 10(e) allows corrections or modifications to the record under the circumstances outlined above, it "'cannot save [a party] where the district court never in any fashion considered the evidence sought . . . to be relied upon . . .'" *Lester v. Wow Car Co., Ltd.*, No. 2:11-CV-00850, 2016 WL 8794535, at *2 (S.D. Ohio Jan. 4, 2016) (Sargus, C.J.), *aff'd*, 675 F. App'x 588 (6th Cir. 2017) (quoting *McDowell v. Dynamics Corp. of Am.*, 850 F.2d 692 (6th Cir. 1988)). In *Lester*, the Court concluded that it "never considered the [filings sought to be added to the record],

thus the Sixth Circuit could not consider it on appeal." *Id.*  The same is true here; to include GPC's proposed exhibits in the record would run contrary to Rule 10(e)'s purpose, which is "to allow the district court to correct omissions from or misstatements in the record for appeal, not to introduce new evidence in the court of appeals." *S & E Shipping Corp. v. Chesapeake & O. Ry. Co.*, 678 F.2d 636, 641 (6th Cir. 1982); *see also, Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1012 (6th Cir. 2003) ("In general, the appellate court should have before it the record and facts considered by the District Court.") (quoting *United States v. Barrow,* 118 F.3d 482, 487 (6th Cir.1997)).

In the instant matter, the Court has not considered, for any purpose, the December 2019 correspondence between counsel for the parties.  These communications occurred almost two months after final judgment was entered and almost one month after GPC filed its timely Notice of Appeal.  For these reasons, the Court will not include the subject correspondence in the record for appeal.

### III.  CONCLUSION

For the reasons stated herein, the Court **DENIES** Defendant Genuine Parts Company's Motion to Include Documents as Part of District Court Record (Doc. 81).

The Clerk shall **REMOVE** Doc. 81 from the Court's pending motions list and this case shall remain closed.

**IT IS SO ORDERED.**

        **ALGENON L. MARBLEY**
        **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  June 16, 2020**